## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **VASYL MYKHAILIUK,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| **KRISTI NOEM,** *Secretary, U.S.* | § | **EP-25-CV-00696-DCG** |
| *Department of Homeland Security*; **and** | § | |
| **MARY DE ANDA-YBARRA,** *Field Office* | § | |
| *Director, El Paso Field Office, Immigration* | § | |
| *and Customs Enforcement*, | § | |
| | § | |
| *Respondents*. | § | |

### ORDER DISMISSING CASE WITHOUT PREJUDICE

Petitioner Vasyl Mykhailiuk has filed a "Notice of Voluntary Dismissal" purporting to voluntarily dismiss the above-captioned habeas corpus proceedings "without prejudice" "[p]ursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)."[1]  The stated "reason for seeking voluntary dismissal is that Petitioner has been released from custody."[2]

Technically, Petitioner cannot voluntarily dismiss this case pursuant to Rule 41(a)(1)(A)(i) because Respondents have already answered his Petition.[3]  Despite that procedural irregularity, the Court nevertheless deems it proper to dismiss this case without prejudice.  That's because "[r]elease from custody generally renders a habeas petition moot,"[4] and the required

---

[1] *See* Notice, ECF No. 5, at 1.

[2] *See id.*

[3] *See* Resp., ECF No. 3.

*See also, e.g.*, Order Dismissing Case Without Prejudice at 2, *Xinastle v. De Anda-Ybarra*, No. 3:26-cv-00079 (W.D. Tex. Mar. 23, 2026), ECF No. 6 (explaining why that is so).

[4] *See, e.g.*, *Berrezueta v. Decker*, No. 1:20-cv-10688, 2021 WL 601649, at *1 (S.D.N.Y. Jan. 11, 2021).

course of action when a case becomes moot is to dismiss it without prejudice[5]—which is exactly what Petitioner seeks to do.[6]

The Court therefore **DISMISSES** the above-captioned case **WITHOUT PREJUDICE**.

The Court thereby **CLOSES** the case.

**So ORDERED and SIGNED this 26th day of March 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[5] *See, e.g.*, *Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 388 (5th Cir. 2024) (emphasizing that "jurisdictional dismissals (such as those made on . . . mootness grounds)" should be "without prejudice").

[6] *See supra* note 1 and accompanying text.